CITY OF WORTHINGTON, APPELLEE, *v.* CARSKADON ET AL., APPELLANTS.

(No. 68-391—Decided June 18, 1969.)

*Mr. Richard J. Brentlinger,* law director, for appellee.
*Mr. William C. Bryant,* for appellants.

*Per Curiam.* The judgment of the Court of Appeals is affirmed for the reasons set forth by Judge Duffey in his concurring opinion which reads as follows:

"The 'quick take' by the city, *i. e.,* an immediate entry and seizure of private property prior to any jury verdict, was illegal and unconstitutional. The Ohio Constitution permits immediate entry in time of public exigency and for the purpose of public roads. Section 19, Article I, Ohio Constitution. This case involved only a drainage ditch.

"The city contends it can appropriate and immediately enter upon a man's property for any public purpose just so long as it first makes a deposit of money in an amount which the city itself will determine.

"Section 19, Article I of the Ohio Constitution provides in part:

" ' * * * where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.'

"It is 'compensation,' and not some estimate, which is to be paid in money or secured by a deposit. 'Compensation' shall be assessed by a jury and not by the city.

"However, I concur in the judgment of affirmance. The illegal seizure is a *fait accompli,* and the right of the city to do so is now moot. It now owns an easement and the illegality of its possession has ceased. Interest on the jury award must be granted appellants from the date of entry.

"I agree that Section 163.08, Revised Code, does not permit the issue of immediate seizure to be raised in an appropriation case. The proper remedies for illegal entry upon one's property are criminal trespass and civil damages against the individuals entering, and injunction against the city and its agents. Neither a temporary nor a permanent injunction against trespass is contemplated by proceedings under Chapter 163 of the Revised Code."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., GRAY, MATTHIAS, O'NEILL, SCHNEIDER, HESS and DUNCAN, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.

HESS, J., of the First Appellate District, sitting for HERBERT, J.