CASSADY ET AL., APPELLANTS, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

[Cite as Cassady v. Columbus (1972), 31 Ohio App. 2d 100.]

(No. 71-298—Decided January 11, 1972.)

Mr. *William L. Stehle,* for appellants.

Mr. *James J. Hughes, Jr.,* city attorney, and Mr. *Robert A. Cohen,* for appellee city of Columbus.

Mr. *Russell Leach,* for appellee Complete General Construction Company, Inc.

WHITESIDE, J. This is an appeal from a summary judgment entered by the Franklin County Court of Common Pleas.

Plaintiffs, by their complaint, sought compensatory and exemplary damages for an alleged trespass upon their property by the defendant city of Columbus and the defendant Complete General Construction Company. Plaintiffs allege that defendant city entered into a contract with the defendant construction company to construct a sewer line for the Olentangy Sanitary Main Trunk Sewer, Part III. Plaintiffs allege that pursuant to such contract defendant construction company, at the direction of the city, entered upon the lands of plaintiffs and constructed the sewer line through their property without lawful authority.

By its answer, defendant city alleged that it filed a petition for the appropriation of a sewer easement across plaintiffs' property on January 15, 1970, and deposited with the clerk of courts the sum of $1,535 as security for

the compensation to be paid plaintiffs therefor. Defendant city further alleged that on April 7, 1970, plaintiffs withdrew the said sum so deposited and are, thereby, estopped from alleging that the city's activities were wrongful and unlawful. Defendant city further alleged that it had the authority, pursuant to Section 19, Article I of the Ohio Constitution, upon making said deposit, to enter upon plaintiffs' property for the purpose of constructing a sewer line. Plaintiffs filed no reply to defendant city's answer. Defendant construction company also filed an answer to the complaint; however, no issue is raised in this court with respect to plaintiffs' action against defendant construction company.

Defendant city subsequently filed a motion for summary judgment, contending that, as a matter of law, it is entitled to enter upon plaintiffs' appropriated property prior to a jury's final determination of compensation, without incurring liability in a trespass action. The Court of Common Pleas sustained the city's motion for summary judgment. Plaintiffs appeal to this court, and submit a single assignment of error as follows:

"The Court of Common Pleas erred in sustaining the defendant-appellee, City of Columbus' motion for summary judgment in concluding that Article I, Section 19 of the Ohio Constitution permits the City of Columbus and its agents to 'quick take' private property for a sanitary sewer easement prior to the assessment of the value of the easement by a jury; thereby denying the plaintiffs-appellants their claim for relief in trespass and for punitive damages."

In support of their contention, plaintiffs rely upon the case of *City of Worthington* v. *Carskadon* (1969), 18 Ohio St. 2d 222. Defendant city contends that that case is not controlling, and relies upon the constitutional debates surrounding the enactment of Section 19, Article I of the Constitution.

The *Worthington* case must be viewed as controlling with regard to the constitutionality of the "quick take" procedure under the ordinance herein involved. However,

that case is not necessarily controlling on the issue of whether there can be a "quick take" procedure consistent with Section 19, Article I, Ohio Constitution. See, however, *Wagner* v. *Railway Co.* (1882), 38 Ohio St. 32.

Section 19, Article I, Ohio Constitution, provides as follows:

"Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, *where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money*; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner." (Emphasis supplied.)

By virtue thereof, private property may be taken for the purpose of making or repairing roads, or in time of war or other public exigency imperatively requiring its immediate seizure, without first either compensating the owner or securing such compensation to be made, provided compensation is subsequently determined. In all other cases, when private property is taken for a public use, "a compensation therefor shall first be made in money, or first secured by a deposit of money."

Even if it be conceded *arguendo* that compensation may be "first secured by a deposit of money" prior to the time that the amount of such compensation be assessed by a jury, it is obvious that the amount of such deposit must be sufficient to reasonably secure payment of the compensation which the jury may assess. This is the thrust of the constitutional debates relied upon by defendant city, which state to the effect that the deposit must "amply" secure the compensation that may be finally assessed by the jury.

The *Worthington* case contains the following comment in this regard, at page 224:

" 'It is "compensation," and not some estimate, which is to be paid in money or secured by a deposit. "Compensation" shall be assessed by a jury and not by the city.' "

The Columbus ordinance (Section 909.04 of the Columbus City Codes) has the same infirmity as the Worthington ordinance. That ordinance provides that "the city council may fix what is determined to be the value of such property appropriated, together with damages, if any, to the residue, and may appropriate such amount to be deposited with the Court of Common Pleas of Franklin County for the use and benefit of the owners of the property appropriated." There is no assurance that the amount determined by the city council will be adequate to secure the compensation that the jury may ultimately assess.

Were there a "quick take" procedure involving a deposit prior to the determination of compensation by a jury, but in an amount determined to be ample to secure the payment of the compensation that the jury might assess, then it might be successfully argued that a taking prior to an assessment of compensation by the jury, but following such deposit, would meet the requirements of Section 19, Article I, Ohio Constitution. However, that is not the situation here. In view of *Worthington,* we must conclude that the Columbus "quick take" ordinance is unconstitutional.

While we have concluded that the foundation of the Common Pleas Court's judgment was erroneous, this does not necessitate a reversal of that judgment. In *Worthington,* it was stated, at page 224:

" '* * * The proper remedies for illegal entry upon one's property are criminal trespass and civil damages against the *individuals* entering, and injunction against the *city* and its agents. * * *' " (Emphasis supplied.)

It is apparent from the pleadings that this was not a temporary entry upon plaintiffs' property, but a permanent taking of an easement for sewer purposes through their property. The initial entry occurred on July 25, 1970, and continued through August 27, 1970. Plaintiffs did not seek injunctive relief against the city. Compare our decision rendered August 6, 1970, in *Fulton* v, *City of Columbus,* No. 9889.

Where there has been a taking of private property for public use without first making compensation, the ordinary remedy pursued has been in mandamus to require the public authority to commence appropriation proceedings. There are, however, cases in which damages have been directly sought and obtained for the taking. *E. g.*, see *Cincinnati* v. *Whetstone* (1890), 47 Ohio St. 196, wherein it is stated, at page 201:

"This is not an action *ex delicto,* in which damages are claimed for trespass or injury to real property, and is not to be governed, therefore, by the decisions in actions of tort * * *."

The first paragraph of the syllabus of *Cincinnati* v. *Dale* (1969), 20 Ohio St. 2d 32, reads as follows:

"Where property is taken under the power of eminent domain, interest on the value of the property taken from the date of the taking thereof to the date of an award of compensation therefor represents part of the compensation that must be paid to the landowner for the taking of his property."

Here, there is pending an action for the appropriation of the easement rights which the city has prematurely exercised. Plaintiffs will be entitled to full compensation for the property taken in that proceeding which was commenced a year before the instant action was commenced. If plaintiffs receive full compensation from the city in the appropriation proceedings, and also compensation in the form of damages in the trespass action, there will be a double recovery on behalf of plaintiffs.

Defendant city filed its petition for the appropriation of a sewer easement across plaintiffs' property on January 15, 1970, and deposited the sum of $1,535 with the clerk of courts. Pursuant to R. C. 163.06(C), plaintiffs, on April 7, 1970, withdrew that deposit and have had the benefit thereof ever since. In other words, plaintiffs have accepted the benefits of the "quick take" procedure, but now attempt to escape the burdens thereof. It was not until July 25, 1970, that the city's contractor commenced construction of the sewer line upon plaintiffs' property. Even then, plaintiffs took no action to challenge the right of the

city to a "quick take" of the easement. It was not until nearly six months later, on January 13, 1971, that the action in trespass was commenced.

At the time of the physical taking of their property by the city, plaintiffs, by their withdrawal and acceptance of the deposit, had been at least partially compensated in money for the property taken. Whether such compensation so paid constitutes full compensation within the contemplation of the constitution can only be ascertained when the jury returns its verdict assessing compensation. Under such circumstances, plaintiffs may not maintain a separate action in trespass against the defendant city. The constitutional right to have a jury fix the compensation for property taken may be waived. *Cincinnati* v. *Bossert Machine Co.* (1968), 16 Ohio St. 2d 76.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TROOP, P. J., and HOLMES, J., concur.