[Cite as *Eschtruth Invest. Co. L.L.C. v. Amherst*, 2011-Ohio-3251.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ESCHTRUTH INVESTMENT CO., LLC,
et al.

      Appellants

      v.

CITY OF AMHERST, et al.

      Appellees

C.A. No.     10CA009870

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07 CV 149356

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** In 2006, the City of Amherst built improvements to an old pump station on West Ridge Road. After the property owner, Eschtruth Investment Co. LLC, complained that the City had built some of its improvements outside the boundaries of an existing easement on Eschtruth's land, the City attempted to negotiate a price for an additional easement. When negotiations failed, the City began the process of appropriation. Before the City filed its appropriation action, Eschtruth and the Janet L. Eschtruth Living Trust sued the City for trespass, nuisance abatement, declaratory judgment, and injunctive relief. In its answer to the City's appropriation complaint, Eschtruth asserted a counterclaim under Title 42, Section 1983 of the United States Code. The trial court consolidated the two cases and, eventually, granted Eschtruth summary judgment on its trespass claim and the City summary judgment on Eschtruth's Section 1983 claim. The jury awarded Eschtruth $1500 for the additional easement,

$10 for the trespass, and nothing for damage to the residue or nuisance. It awarded the Janet L. Eschtruth Living Trust nothing. Eschtruth appealed, arguing that the trial court: (1) incorrectly found in favor of the City on the issue of the necessity of the appropriation; (2) incorrectly permitted the City to "retroactively appropriat[e]" property that it had previously "seized" by mistake; and (3) incorrectly denied its motion for summary judgment on its 42 U.S.C. Section 1983 claim. The judgment is affirmed because: (1) Eschtruth failed to carry its burden of proof on the issue of necessity; (2) Chapter 163 of the Ohio Revised Code does not bar a public agency that has inadvertently exceeded its easement from ever acquiring an additional easement via the statutory appropriation procedure; and (3) any error in the trial court's denial of Eschtruth's motion for summary judgment on its 42 U.S.C. Section 1983 claim was harmless.

## BACKGROUND

{¶2} Under an easement recorded in 1965, the City of Amherst has "the right, privilege, and easement to construct and forever to operate and maintain a water main for the transmission and distribution of water, including all service pipes, valves, hydrants, and other attachments, equipment, and accessories desirable in connection therewith . . ." on a parcel of land near the intersection of West Ridge Road and Middle Ridge Road in Amherst. Years before the current controversy began, the City built the West Ridge Road Booster Pump Station inside a concrete vault on the property. The top of the vault extended about six inches above ground with two vent elbows projecting from its roof. In November 2005, the City began a rehabilitation project on the pump station intended to provide greater flexibility in supplying water and protection in case of power failure. The project included the construction of two above ground structures. City officials testified that the project was designed for the existing easement and,

until construction was completed and Eschtruth complained, the City had no idea it had built five feet beyond its existing easement.

{¶3}    Eschtruth complained to the City in the late summer of 2006, just about the time the City completed construction.  The City undertook a survey and confirmed that its structures exceeded the original easement.  It then attempted to negotiate a purchase price for the easement, offering over $5000.  When Eschtruth refused its offers, the City passed a resolution authorizing the appropriation of the additional easement for the pump station.  After completing a formal appraisal, the City offered Eschtruth the appraised value of the easement, that is, $1500. Eschtruth promptly filed a complaint for trespass, nuisance, declaratory judgment, and injunctive relief.  Two weeks later, the City filed this appropriation action.

## NECESSITY OF APPROPRIATION

{¶4}    Eschtruth's second assignment of error is that the trial court incorrectly found in favor of the City on the issue of the necessity of the appropriation.  Eschtruth has argued that the evidence admitted at the hearing proved there was no legitimate public necessity for the appropriation and the City should have been prevented from retroactively appropriating the land after it had seized it without following the requirements of Chapter 163 of the Ohio Revised Code.

{¶5}    In 2007, the General Assembly rewrote Section 163.09(B) of the Ohio Revised Code.  The parties agree that the 2007 amendments do not apply in this case because the matter was filed prior to the effective date of the amended statute.  The prior version of Section 163.09(B) provided that, "[if] an answer is filed . . . and . . . the necessity for the appropriation [is] specifically denied in the manner provided in [Section 163.08], the court shall set a day . . . to hear th[e] matter[ ]."  R.C. 163.09(B) (West 2006).  Under that version of Section 163.09(B),

the landowner had the burden of proof on the issue of necessity. The statute provided that "[a] resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation shall be prima-facie evidence of that necessity in the absence of proof showing an abuse of discretion by the agency in determining that necessity." *Id.* If, after a hearing, the court determined the matter in favor of the appropriating agency, the statute required the court to set a time for the assessment of compensation by the jury. *Id.*

{¶6} At the hearing in this case, Eschtruth called only one witness, the mayor of the City of Amherst, David Taylor. Mayor Taylor testified that the City began construction on the improvements to the pump station in November 2005 and completed the project by mid-summer 2006. He said that the City did not realize it had built outside of its easement until one of the partners in Eschtruth brought it to the City's attention. After trying to negotiate with Eschtruth on a purchase price for the additional land, the City of Amherst passed Resolution No. R-06-07 on November 20, 2006. The resolution provided that the Council of the City of Amherst had determined that "in order to serve the citizens of the City, it is necessary to acquire a perpetual easement . . . for the maintenance, operation, repair, removal and replacement of a pump station and equipment and facilities related thereto in, on, under, over, across and through the real property owned by Eschtruth Investment Co., LLC[.]" Eschtruth rested its case following the mayor's testimony.

{¶7} The City called its engineer, Clarence Watkins, who testified that the upgrade of the old pump station was necessary to update the 1960s design. According to Mr. Watkins, the pump station, originally built to fill the City's water tower, did not allow for variable speeds. The new design allows the City to adjust speed and pressure as consumer demand changes. The new system also allows for communication between the pump station and the water department

and adds a backup generator to protect against the type of nationwide power outage experienced while the project was being planned. Mr. Watkins testified that, after Eschtruth objected, they realized that the new generator and the control panel extended five feet outside the existing easement. On cross-examination, he testified that it is possible the upgrade could have been engineered differently in order to keep the structures within the original easement, but the existing configuration was the most cost-effective for the City.

{¶8} Eschtruth has argued that the only necessity or exigency to justify the appropriation was that the City had to try to correct its mistake by retroactively appropriating the property it had already seized in order to avoid civil liability for the illegal seizure. In the end, however, the jury compensated Eschtruth for the trespass that occurred before the City began its appropriation proceeding. Thus, the City did not escape civil liability for seizing the land before instituting the appropriation proceeding. In fact, the trial court granted Eschtruth's motion for summary judgment on its trespass claim. Even if the trial court could be said to have incorrectly permitted the appropriation claim to go to trial because the City was trying to avoid civil liability for a trespass, any error was harmless since it also sent the trespass claim to the jury for an assessment of compensation. Civ. R. 61. The jury awarded Eschtruth compensation for the trespass separately from its award of compensation for the easement. Eschtruth has not assigned as error any issues regarding the valuation of the compensation awards.

{¶9} The only remaining question pertaining to this assignment of error is whether the appropriation was necessary for public use. "The exercise of the eminent-domain power is discretionary and, accordingly, '[t]he decision of a legislative body to appropriate a particular piece of property is afforded great deference by courts.'" *Wadsworth v. Yannerilla*, 170 Ohio App. 3d 264, 2006-Ohio-6477, at ¶8 (quoting *Pepper Pike v. Hirschauer*, 8th Dist. Nos. 56963,

56964, 56965, and 57667, 1990 WL 6976 at \*2 (Feb. 1, 1990)). Under the applicable version of Section 163.09(B), the City's resolution was prima facie evidence of necessity, and Eschtruth bore the burden of proving that the appropriation was not necessary. "Accordingly, a determination that an appropriation is necessary for a public use will not be disturbed unless the property owner proves that the determination was the result of fraud, bad faith, or an abuse of discretion." *Id.* at ¶9. In order to win, Eschtruth would have had to have produced evidence that the City had abused its discretion in determining that the taking of the additional easement was necessary. *Id.*

{¶10} "'[N]ecessity' means because of a 'public use[.]'" *Bd. of Educ. of City Sch. Dist. of Columbus v. Holding Corp. of Ohio*, 29 Ohio App. 2d 114, 119 (1971). The appropriating agency has the discretion to determine the location and route of the land to be taken for a public use, and, within reasonable and statutory limits, to determine the amount of land required. *Id.* at 123-24 (citing 29A C.J.S. Eminent Domain § 91). Therefore, a contention that some other location or configuration might have served the same purpose is not a valid objection regarding whether the appropriation is necessary. *Id.* at 124 (citing 29A C.J.S. §91); see also *Giesy v. Cincinnati, Wilmington & Zanesville RR. Co.*, 4 Ohio St. 308, 327 (1854) ("[A]nd that it is enough to establish a public necessity, when it appears that lands are necessary for such a work, without going further and showing that it could not be constructed without the use of the particular property sought to be appropriated."). Thus, evidence that another location or configuration would serve the same public use and be less burdensome for the landowner would be relevant for the jury only in regard to the question of the compensation required for the taking. See *Holding Corp.*, 29 Ohio App. 2d at 125-26.

{¶11} At the hearing, Eschtruth did not produce any evidence that the City abused its discretion in determining that the appropriation was necessary. The City's resolution was admitted into evidence, and the City's engineer testified that the project was completed in the most cost-effective and safest manner for the City. Eschtruth did not offer any contradictory expert testimony, but did elicit some evidence during cross-examination of the City's engineer indicating that it might have been possible to engineer the project differently so that it could have been built without extending outside the original easement. Such testimony does not contradict the City's prima-facie evidence that the appropriation of the additional five feet of land was necessary for a public use. As Eschtruth did not present any evidence of fraud, bad faith, or abuse of discretion on the part of the City, the trial court properly found in favor of the City on the issue of necessity. Eschtruth's second assignment of error is overruled.

## APPROPRIATION AFTER TAKING POSSESSION

{¶12} Eschtruth's first assignment of error is that the trial court incorrectly denied its motion for summary judgment on count two of its complaint because it was entitled to an injunction to prevent the City from taking its land. Specifically, Eschtruth has argued that the trial court incorrectly permitted the City to "retroactively appropriat[e]" property that it had previously "seized" by mistake. In response, the City has argued that its unintentional trespass was not an appropriation proceeding and as soon as it realized it had built beyond the easement, it began following the appropriation requirements of Chapter 163 of the Ohio Revised Code.

{¶13} Section 163.59 of the Ohio Revised Code addresses policies for public land acquisition. Under that section, "[t]he head of an acquiring agency shall make every reasonable effort to acquire expeditiously real property by negotiation." R.C. 163.59(A). Section 163.59 requires the agency to have the land appraised before making the owner a "prompt offer" it

"believes to be just compensation for the property." R.C. 163.59(D). "In no event shall that amount be less than the agency's approved appraisal of the fair market value of the property." *Id.*

{¶14} In this case, there is no dispute that, once it realized that it had built the addition outside the easement, the City followed the requirements of Section 163.59. Eschtruth has argued, however, that, because the City did not attempt to negotiate a price before "seiz[ing]" the land, "it could not legally file an appropriation petition, much less prevail upon it[.]" For this proposition, Eschtruth has cited Sections 163.04 and 163.05 of the Ohio Revised Code. Section 163.05 provides that "[a]n agency [that] has met the requirements of section 163.04 of the [Ohio] Revised Code, may commence proceedings in a proper court by filing a petition for appropriation . . . ." R.C. 163.05 (West 1994). Eschtruth has pointed out that Section 163.04 provides that a public agency may not appropriate private property until after it has tried and failed to agree with the owner on a price. That is exactly what the City did in this case. Before filing its appropriation petition, the City tried to negotiate a price for the additional easement. After it became clear that Eschtruth was not going to come to an agreement with the City, it passed the resolution for appropriation. The fact that the City had already built on land outside the easement prior to attempting to negotiate a price for it or to appropriate it by statute may have made it liable in damages for trespass, but nothing in Sections 163.04 or 163.05 convinces this Court that inadvertently building outside its easement prohibits the City from ever appropriating the same land by following the procedures found in Chapter 163 of the Ohio Revised Code.

{¶15} Eschtruth has also argued that the City failed to adhere to the requirements of Section 163.59(F) because it required Eschtruth to surrender possession of the property before the agreed purchase price was paid or the amount of the approved appraisal was deposited with

the trial court. This argument fails for the same reason. The jury ordered the City to separately compensate Eschtruth for the period of time after the City built on the contested land but prior to filing the appropriation petition. Eschtruth's argument fails because it is based on the faulty premise that the City's inadvertent seizing of the land forever bars the City from legitimately acquiring the property through Chapter 163 of the Ohio Revised Code.

{¶16} Eschtruth has further argued that the City failed to adhere to the requirements of Section 163.59(J) because it intentionally made it necessary for the landowner to institute legal proceedings to prove the fact of the taking of the land. Under subsection J, an acquiring agency is required to institute legal proceedings so that a landowner is not "intentionally [forced] . . . to institute legal proceedings to prove the fact of the taking of the owner's real property." R.C. 163.59(J).

{¶17} The City submitted the affidavit of Mayor Taylor, indicating that as soon as the City discovered that it had built a part of its improvements outside of the original easement, he approached Eschtruth in an attempt to negotiate a purchase price for the additional easement. The affidavit authenticates the attached letter from the City to Eschtruth indicating that, prior to October 24, 2006, negotiations had been unsuccessful. After that, the City began formal appropriation proceedings by passing a resolution of appropriation in November 2006. The affidavit of Terrence Pool indicates that Gerald Eschtruth accompanied him on a December 21, 2006, inspection of the property for a formal appraisal. And the affidavit of Abraham Lieberman indicates that Mayor Taylor authorized him to offer Eschtruth the appraised value of $1500 for the additional easement. According to his affidavit and attached correspondence, Mr. Lieberman sent that written offer to Eschtruth along with a copy of the City Council's resolution on January 17, 2007. The offer letter ended with a request that Eschtruth advise the City as soon as possible

whether it would be willing to accept the offer. According to Mr. Lieberman, Eschtruth never answered the letter, but filed a lawsuit against the City one week later. The City filed this appropriation action two weeks after Eschtruth filed its suit.

{¶18} There is no evidence in the record that the City intentionally forced Eschtruth to file this lawsuit. The evidence indicates that the City first tried to avoid litigation by negotiating a purchase price and, when that failed, the City began following the steps outlined in Section 163.59 of the Ohio Revised Code. There is no evidence that the City unreasonably delayed the process or otherwise forced Eschtruth to file suit.

{¶19} Eschtruth has not cited any authority that supports its proposition that a City's inadvertent trespass forever bars appropriation of the additional land as a matter of law. In fact, courts have held that, "[if] there has been a taking of private property for public use without first making compensation, the ordinary remedy pursued has been in mandamus to require the public authority to commence appropriation proceedings." *Cassady v. City of Columbus*, 31 Ohio App. 2d 100, 105 (1972). "There are, however, cases in which damages have been directly sought and obtained for the taking." *Id.* In this case, the City prematurely exercised its right to take possession of the additional easement and was subsequently held accountable through an action for trespass. Eschtruth has not convinced this Court that the City should have been forever barred from following the proper procedures to appropriate the additional easement. Eschtruth's first assignment of error is overruled.

42 U.S.C. § 1983

{¶20} Eschtruth's third assignment of error is that the trial court incorrectly denied its motion for summary judgment on its counterclaim based on Title 42, Section 1983 of the United States Code. That section provides redress for persons deprived of any constitutional or other

legal rights, privileges, or immunities under color of state law. Eschtruth has argued that the City's conduct was an abuse of the legislative process because the City utilized the "quick take" procedure and "such a process would preclude Eschtruth from contesting the validity of the public necessity." See R.C. 163.06 (describing procedure whereby public agency may take possession of the contested property immediately upon deposit with the court of the value of the property appropriated plus any damages to the residue). According to Eschtruth, the City and the trial court misunderstood its Section 1983 claim to be based on the City's taking of the property when it was actually based on the City's attempt to "[use] the legislative process to defeat Eschtruth's right to seek redress in court for trespass and nuisance abatement[.]"

{¶21} The trial court denied Eschtruth's motion for summary judgment on its 42 U.S.C. Section 1983 claim and granted the City's motion for summary judgment on the same claim. Assuming without deciding that the trial court incorrectly ruled on Eschtruth's motion for summary judgment because it misunderstood the basis of the claim, Eschtruth was not entitled to judgment as a matter of law because it was unable to show any cognizable harm distinct from that associated with its other claims. The company has specifically argued that the City should have been made to answer under Section 1983 for abusing the "quick take" procedure to deprive Eschtruth of the opportunity to contest the necessity of the taking.

{¶22} In this case, however, the trial court held a necessity hearing in spite of the City's effort to use a truncated procedure. Therefore, Eschtruth was not deprived of its opportunity to marshal its evidence and contest the issue of necessity at a hearing before the trial court. Further, the verdict forms reflect that the trial court gave the jury the option of compensating Eschtruth for the trespass and nuisance claims in addition to the compensation award for the additional easement. Thus, the trial court did not permit the City to abuse the legislative process by using

the truncated procedure to defeat Eschtruth's right to seek redress in court for its trespass and nuisance claims. This Court "must disregard any error or defect in the proceeding [that] does not affect the substantial rights of the parties." Civ. R. 61. If the trial court incorrectly denied Eschtruth's motion for summary judgment on the 42 U.S.C. Section 1983 claim, any error was harmless and will be disregarded. Eschtruth's third assignment of error is overruled.

CONCLUSION

{¶23} Eschtruth's first assignment of error is overruled because the City inadvertently building outside its easement did not, as a matter of law, forever bar the City from legitimately acquiring the property via the appropriation procedure outlined in Chapter 163 of the Ohio Revised Code. Further, there was no evidence that the City failed to follow the statutory requirements to appropriate the additional property after it realized it had built improvements to its pump station that extended beyond the existing easement. Eschtruth's second assignment of error is overruled because Eschtruth did not present any evidence of fraud, bad faith, or abuse of discretion on the part of the City in determining the necessity of the appropriation. Its third assignment of error is overruled because any error in the trial court's ruling on Eschtruth's motion for summary judgment regarding its 42 U.S.C. Section 1983 claim was harmless. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---
CLAIR E. DICKINSON
FOR THE COURT


BELFANCE, P. J.
CONCURS

CARR, J.
CONCURS IN PAR, AND DISSENTS IN PART, SAYING:

{¶24} I concur with the majority's opinion in regard to the first and second assignments of error. I respectfully dissent, however, in regard to the third assignment of error.

{¶25} The majority begins its discussion regarding the propriety of the trial court's denial of Eschtruth's motion for summary judgment with the assumption that the trial court incorrectly ruled on the motion due to its misunderstanding of the nature of Eschtruth's 42 U.S.C. Section 1983 claim. I would note that Eschtruth's assignment of error specifically challenges the trial court's granting of Amherst's motion for summary judgment in regard to the Section 1983 claim. In any event, I would reverse and remand the matter to the trial court to consider Eschtruth's motion for summary judgment within the proper legal context. I would not

address this issue in the first instance. See *Smith v. Ohio Bar Liab. Ins. Co.*, 9th Dist. No. 24424, 2009-Ohio-6619, at ¶24 (Carr, J., dissenting).

{¶26} I understand the remainder of the majority's discussion of the third assignment of error to conclude that the trial court cured its erroneous contemplation of the motion for summary judgment because it held a necessity hearing which addressed Eschtruth's issues. The majority concludes, therefore, that any error was harmless. As a rule, I would not apply the concept of harmless error within the context of summary judgments.

{¶27} Here, it seems as though the majority is saying that the trial court effectively did not grant Amherst's motion for summary judgment because the lower court determined the matter after holding an evidentiary hearing on the substantive issue implicated in Eschtruth's counterclaim. Under those circumstances, I believe it is a misnomer to refer to the dismissal of Eschtruth's counterclaim as summary judgment in favor of Amherst. Accordingly, I would sustain Eschtruth's third assignment of error, reverse, and remand the matter to the trial court for proper consideration of the parties' motions for summary judgment in regard to Eschtruth's counterclaim.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellants.

ANTHONY R. PECORA, Law Director, and ABRAHAM LIEBERMAN, Assistant Law Director, for Appellees.