[Cite as *Maumee Watershed Conservancy Dist. v. Buescher*, 2017-Ohio-9086.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

MAUMEE WATERSHED
CONSERVANCY DISTRICT,

       PLAINTIFF-APPELLEE,                 CASE NO. 12-17-06

       v.

ROSALINE A. BUESCHER, ET AL.,

       DEFENDANTS-APPELLANTS,
       -and-

PUTNAM SOIL AND WATER              O P I N I O N
CONSERVATION, ET AL.,

       DEFENDANTS-APPELLEES.

MAUMEE WATERSHED
CONSERVANCY DISTRICT,

       PLAINTIFF-APPELLEE,                 CASE NO. 12-17-07

       v.

T & A PROPERTIES,

       DEFENDANT-APPELLANT,
       -and-

PUTNAM SOIL AND WATER              O P I N I O N
CONSERVATION, ET AL.,

       DEFENDANTS-APPELLEES.

**Appeals from Putnam County Common Pleas Court**
**Trial Court Nos. 2016 CV 00116 and 2016 CV 00117**

**Judgments Affirmed**

**Date of Decision:    December 18, 2017**

**APPEARANCES:**

*Linde Hurst Webb and Matthew A. Cunningham* **for Appellants**

*Meghan Anderson Roth and Thomas A. McWatters* **for Appellee,**
    **Maumee Watershed Conservancy District**

**ZIMMERMAN, J.**

{¶1} This matter comes before us upon two consolidated appeals. The Defendants-Appellants in these appeals are: Rosaline A. Buescher, Dennis and Marie Recker, and Alan and Theresa Kuhlman (collectively referred to as "Appellants"). Their appeals are from the judgments of the Putnam County Common Pleas Court overruling their motions for judgment on the pleadings in favor of the Plaintiff-Appellee, the Maumee Watershed Conservancy District (the "District" or "Appellee"). On appeal, Appellants assert that: (1) the trial court erred

by exercising jurisdiction because Appellee failed to provide Appellants "before and after" real estate appraisals and offers of "just compensation" in the appropriation proceedings; (2) the trial court erred by exercising jurisdiction because Appellee did not comply with the conditions precedent required in the filing of a petition for appropriation; and (3) the trial court erred by exercising jurisdiction because Appellee failed to provide Appellants engineering plans prior to the filing of its petition for appropriation. For the reasons that follow, we affirm the judgments of the Putnam County Common Pleas Court.

*Factual Background*

{¶2} Rosaline A. Buescher and her children (collectively referred to as "Bueschers") are owners of real property located at 319 North Glandorf Road in Ottawa, Ohio.[1] T & A Properties, LLC[2] ("T & A Properties"), is the owner of real property located at 1146 Fairview Drive, in Ottawa, Ohio. To reduce flooding and to regulate the flow of the Blanchard River in Putnam County, the District decided to construct a diversion channel on a portion of the property owned by the Bueschers and T & A Properties. Specifically, the District determined that it was necessary to

---

[1] Dennis and Marie Recker, along with various government and utility providers maintain easements on a portion of property to be acquired and were named defendants.
[2] T & A Properties, LLC is owned by Alan and Theresa Kuhlman (the "Kuhlmans"), and while the Kuhlmans are referred to as Appellants in their Appeal, the filings from the trial court all designate T & A Properties, LLC as the Defendant herein. So, for ease of analysis and continuity we will reference the Kuhlmans by their T & A Properties, LLC designation.

acquire 19.004 acres[3] of the Bueschers real estate and 16.115 acres of real estate owned by T & A Properties to construct the diversion channel.

{¶3} The District obtained appraisals for each property in April, 2016 from Midwest Appraisal, Inc. The appraised value of Bueschers' real estate was $7,492.10 per acre for the agricultural portion and $14,904.00 per acre for its non-agricultural portion. T & A Properties farmland was valued at $7,504.56 per acre.

{¶4} On June 15, 2016, the District sent to the Bueschers notice of its intent to acquire their property together with a copy of its real estate appraisal. And on June 20, 2016, the District sent a notice of its appropriation intent and real estate appraisal to T & A Properties. Each notice contained the legal descriptions of the land sought to be appropriated. And, per its appraisals, the District made a "good faith offer," pursuant to R.C. 163.04, to purchase the Bueschers land for $146,234.00, and to purchase T & A Properties land for $120,943.08. However, neither Bueschers nor T & A Properties accepted the offer or made a counteroffer. As a result, and upon the expiration of the 30-day waiting period required by statute to file an appropriation action, the District filed its petitions and complaints for appropriation in the Putnam County Common Pleas Court against each landowner.

---

[3] Specifically, the 19.004 acres of the Bueschers' land is comprised of 18.484 acres of agricultural land and 0.520 acres of the existing lane on the property.

*Procedural Background*

*Case No. 16 CV 116 – The Bueschers*

{¶5} On September 9, 2016, the District filed a "Petition and Complaint for Appropriation of Real Property" (the "Buescher Petition") in the Putnam County Common Pleas Court. (Doc. No. 1). In its Buescher Petition, the District asserted that it had the authority to appropriate a portion of Bueschers' land for the purpose of: "construction of a new diversion channel for the Blanchard River, the regulation of the flow of the Blanchard River, the maintenance of open space for the conservation of natural floodplain functions, recreational facilities, and related improvements, and maintaining, operating, altering, replacing, and repairing the diversion channel and recreational facilities." (*Id.* at 2-3). The District's request was for the fee simple interest in a portion of land owned by the Bueschers, located at 319 North Glandorf Road, Ottawa, Ohio, in Ottawa Township, Putnam County, Ohio. (*Id.*). Along with providing the address subject to the appropriation, the District attached the legal description of the 18.484 and 0.520 acreage (totaling 19.004 acres) sought from Bueschers' property. (*Id.,* Ex. A, B). The Buescher Petition alleged that Bueschers' property was appraised, and that the District made a "good faith offer" (to the Bueschers) for the land being appropriated based upon that appraisal. (*Id.*). The Buescher Petition stated that the District's offer to purchase was submitted to the Bueschers more than thirty (30) days prior to filing

the appropriation action. (*Id.*). And, because the District and the Bueschers were unable to agree on the appropriation, the petition set forth that the District passed a Resolution on August 9, 2016, resolving the necessity of the appropriation and authorizing the filing of the petition. Also named as Defendants in the Bueschers' suit were the Village of Glandorf, Ohio; Ohio Power Company; the Putnam County Treasurer; and the Putnam County Soil and Water Conservation District.

**{¶6}** On November 8, 2016, the Bueschers filed a "Motion to Dismiss Petition and Complaint for Appropriation for Failure to Comply with Conditions Precedent Under Ohio Law and R.C. Chapter 163" in the trial court. (Doc. No. 19). In the motion, the Bueschers asserted that the District did not comply with the statutory and constitutional requirements for "just compensation," resulting in the District not having the authority to file a petition under R.C. Chapter 163.

**{¶7}** On December 6, 2016, the District filed their "Opposition to Defendant Bueschers' Motion to Dismiss," asserting that the requirements of R.C. Chapter 163 were satisfied prior to filing its Petition in the trial court. (Doc. No. 28). On January 26, 2017, the trial court issued its Decision on the Bueschers' motion. (Doc. No. 31). In overruling the motion, the trial court found that R.C. 163.04 and 163.05 only required the petition to contain a description of the land or property to be appropriated, and a written good faith offer to purchase the property. (*Id.*).

{¶8} On February 13, 2017, the Bueschers filed a Motion for Judgment on the Pleadings, asserting that the trial court lacked jurisdiction to hear the case because the District failed to follow the conditions precedent to file the appropriation. (Doc. No. 34). The trial court overruled the Bueschers' motion for judgment on the pleadings on April 20, 2017 and on May 19, 2017, the Bueschers filed the instant notice of appeal in the trial court, pursuant to R.C. 2505.02(B)(7) and R.C. 163.09(B)(3). (Doc. Nos. 41; 51).

*Case No. 16 CV 117 – T & A Properties, LLC*

{¶9} On September 12, 2016, the District filed a "Petition and Complaint for Appropriation of Real Property" (the "T & A Properties Petition") in the Putnam County Common Pleas Court. (Doc. No. 1). In its T & A Properties Petition, the District asserted that it had the power and authority to appropriate real property for the public purpose of: "(a) construction of a new diversion channel for the Blanchard River; (b) regulation of the flow of the Blanchard River; (c) maintenance of open space for the conservation of natural floodplain functions; (d) creation of recreational facilities, and related improvements; and (e) maintaining, operating, altering, replacing, and repairing the diversion channel and recreational facilities." (*Id.* at 2-3). The District requested to appropriate a fee simple interest in a portion of the land owned by T & A Properties, located at 1146 Fairview Drive, in Ottawa, Ohio. (*Id.*). Along with providing the address subject to the appropriation, the

District attached the legal description of the 16.115 acreage from T & A Properties' property sought to be appropriated. (*Id.,* Ex. A). The District had the property appraised, and provided T & A Properties a "good faith offer" based on that appraisal. (*Id.*) The District provided T & A Properties a "good faith offer" more than thirty days prior to the filing of its appropriation action. (*Id.*). And, after being unable to reach an agreement on the conveyance or the terms of the conveyance of the property, the District passed a Resolution on August 9, 2016, declaring the necessity of the T & A Properties appropriation for a public purpose and authorized the filing of the petition. The appropriation petition also named the Village of Glandorf, Ohio, Ohio Power Company, the Putnam County Soil and Water Conservation District, East Ohio Gas Company dba Dominion East, and the Putnam County Treasurer as defendants.

{¶10} On November 8, 2016, T & A Properties filed a "Motion to Dismiss Petition and Complaint for Appropriation for Failure to Comply with Conditions Precedent Under Ohio Law and R.C. Chapter 163" in the trial court. (Doc. No. 16). In their motion, T & A Properties asserted that the District failed to comply with the statutory and constitutional requirements for "just compensation," which resulted in the District not having authority to file a petition for appropriation against any landowner. (*Id.* at 2). On December 6, 2016, the District filed their "Opposition to Defendant T & A Properties, LLC's Motion to Dismiss," asserting that it satisfied

the requirements of R.C. Chapter 163 prior to filing its petition in the trial court. (Doc. No. 25). On January 26, 2017, the trial court issued its decision on T & A Properties' motion to dismiss. (Doc. No. 28). In overruling the motion, the trial court found that R.C. 163.04 and 163.05 only required the appropriation petition to contain a description of the land or property to be appropriated, and a written good faith offer to purchase the property. (*Id.*). On February 13, 2017, T & A Properties filed a Motion for Judgment on the Pleadings, asserting that the trial court lacked jurisdiction to hear the case because the District failed to follow the conditions precedent to file the case. (Doc. No. 32). The trial court overruled T & A Properties' motion for judgment on the pleadings on April 20, 2017 and on May 19, 2017, T & A Properties filed its notice of appeal in the trial court, pursuant to R.C. 2505.02(B)(7) and R.C. 163.09(B)(3). (Doc. Nos. 40; 48).

*Appellants' Appeals*

{¶11} The Bueschers and T & A Properties assert the following identical assignments of error for our review in their consolidated appeals, which we address together:

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED BY FINDING JURISDICTION AFTER APPELLEE FAILED TO PROVIDE A "BEFORE AND AFTER" APPRAISAL AND OFFER "JUST COMPENSATION."**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED BY FINDING JURISDICTION AFTER APPELLEES FAILED TO COMPLY WITH THE CONDITIONS PRECEDENT NECESSARY TO FILE A PETITION FOR APPROPRIATION UNDER THE OHIO EMINENT DOMAIN ACT.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED BY FINDING JURISDICTION AFTER APPELLEES FAILED TO PROVIDE ACTUAL ENGINEERING PLANS PRIOR TO FILING THE PETITION FOR APPROPRIATION.**

### *Appellants' First and Second Assignments of Error*

{¶12} While Appellants assert three separate assignments of error, their first two assignments challenge the jurisdiction of the trial court stemming from the District's failure to complete a "before and after" appraisal prior to filing their petitions for appropriation. Thus, we will address these assignments of error together. And, for the reasons that follow, we overrule Appellants' first and second assignments of error.

### *Standard of Review*

{¶13} "A trial court reviews a Civ.R. 12(C) motion for judgment on the pleadings using the same standard of review as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted." *Walker v. City of Toledo,* 6th Dist. Lucas No. L-15-1240, 2017-Ohio-416, 84 N.E.3d 216, ¶ 18. A reviewing court "'must presume that all factual allegations of the complaint are true and make all

reasonable inferences in favor of the nonmoving party.'" *Id.* quoting *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

**{¶14}** "In ruling on the motion, a court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings." *Id.* at ¶ 19.

> "In doing so, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief."

*Id.* quoting *Frazier v. Kent,* 11th Dist. Portage Nos. 2004-P-0077, 2004-P-0096, 2005-Ohio-5413, ¶ 14.

**{¶15}** "Because a Civ.R. 12(C) motion tests the legal basis for the claims asserted in a complaint, our standard of review is *de novo.*"[4] *Id.* at ¶ 20.

*Applicable Statutory Authority*

**{¶16}** Chapter 163 of the Ohio Revised Code, entitled "Appropriation of Property," provides the statutory framework for the appropriation of private land. Relevant to the case before us are Revised Code sections 163.04 and 163.05, which will be discussed, in turn.

---

[4] While Appellants assert that the Ohio Supreme Court requires "heightened" or strict scrutiny in reviewing statutes that regulate the use of eminent domain powers, the basis for Appellants' appeal is a denial of a 12(C) Motion for Judgment on the Pleadings, and therefore strict scrutiny does not apply to the instant appeal.

*R.C. 163.04: Notice; Good Faith Offer to Purchase; Appraisal; Inability to Agree; Limiting Effects of Projects that Will Disrupt Flow of Traffic or Impede Access to Property*

**{¶17}** Pertinent to this appeal, R.C. 163.04 states, in part:

(A)     At least thirty days before filing a petition pursuant to section 163.05 of the Revised Code, an agency shall provide notice to the owner of the agency's intent to acquire the property. The notice shall be substantially in the form set forth in section 163.041 of the Revised Code. The notice shall be delivered personally on, or by certified mail to, the owner of the property or the owner's designated representative.

(B)     Together with the notice that division (A) of this section requires, or after providing that notice but not less than thirty days before filing a petition pursuant to section 163.05 of the Revised Code, an agency shall provide an owner with a written good faith offer to purchase the property. The agency may revise that offer if before commencing an appropriation proceeding the agency becomes aware of conditions indigenous to the property that could not reasonably have been discovered at the time of the initial good faith offer or if the agency and the owner exchange appraisals prior to the filing of the petition.

(C)     An agency may appropriate real property only after the agency obtains an appraisal of the property and provides a copy of the appraisal to the owner or, if more than one, each owner or to the guardian or trustee of each owner. The agency need not provide an owner with a copy of the appraisal when that owner is incapable of contracting in person or by agent to convey the property and has no guardian or trustee or is unknown, or the residence of the owner cannot with reasonable diligence be ascertained. When the appraisal indicates that the property is worth less than ten thousand dollars, the agency need only provide an owner, guardian, or trustee with a summary of the appraisal. The agency shall provide the copy or summary of the appraisal to an owner, guardian, or trustee at or before the time the agency makes its first offer to purchase the property. A public utility or the head of a public agency may prescribe a procedure

to waive the appraisal in cases involving the acquisition by sale or donation of property with a fair market value of ten thousand dollars or less.

(D)     An agency may appropriate real property only after the agency is unable to agree on a conveyance or the terms of a conveyance, for any reason, with any owner or the guardian or trustee of any owner unless each owner is incapable of contracting in person or by agent to convey the property and has no guardian or trustee, each owner is unknown, or the residence of each owner is unknown to the agency and the residence of no owner can with reasonable diligence be ascertained.

* * *

R.C. 163.04.[5]

*R.C. 163.05: Petition for Appropriation*

{¶18} Ohio's statutory authority for the District's petitions for appropriations is found in R.C. 163.05.  Specifically, R.C. 163.05 states that the requirements for filing a petition for appropriation are as follows:

An agency that has met the requirements of sections 163.04 and 163.041 of the Revised Code, may commence proceedings in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single common ownership, or interest or right therein. The petition of a private agency shall be verified as in a civil action. All petitions shall contain:

(A)     A description of each parcel of land or interest or right therein sought to be appropriated, such as will permit ready identification of the land involved;

---

[5] R.C. 163.041, entitled "Form of Notice" provides a form for the agency to provide each property owner. The content and the compliance with R.C. 163.041 is not at issue in these appeals.

(B)      (1) A statement that the appropriation is necessary, for a public use, and, in the case of a public agency, a copy of the resolution of the public agency to appropriate;

(2) If the property being appropriated is a blighted parcel that is being appropriated pursuant to a redevelopment plan, a statement that shows the basis for the finding of blight and that supports that the parcel is part of a blighted area pursuant to the definition in section 1.08 of the Revised Code.

(C)      A statement of the purpose of the appropriation;

(D)      A statement of the estate or interest sought to be appropriated;

(E)      The names and addresses of the owners, so far as they can be ascertained;

(F)      A statement showing requirements of section 163.04 of the Revised Code have been met;

(G)      A prayer for the appropriation.

In the event of an appropriation where the agency would require less than the whole of any parcel containing a residence structure and the required portion would remove a garage and sufficient land that a replacement garage could not be lawfully or practically attached, the appropriation shall be for the whole parcel and all structures unless, at the discretion of the owner, the owner waives this requirement, in which case the agency shall appropriate only the portion that the agency requires as well as the entirety of any structure that is in whole or in part on the required portion.

In the event of the appropriation of less than the fee of any parcel or of a fee in less than the whole of any parcel of property, the agency shall either make available to the owner or shall file in the office of the county engineer, a description of the nature of the improvement or use which requires the appropriation, including any specifications, elevations, and grade changes already determined at the time of the filing of the petition, in sufficient detail to permit a determination of the nature, extent, and effect of the taking and improvement. A set of

-14-

highway construction plans shall be acceptable in providing such description for the purposes of the preceding sentence in the appropriation of land for highway purposes.

R.C. 163.05.

## *Analysis*

**{¶19}** As set forth above, an agency seeking appropriation of private land must comply first with Ohio Revised Code sections 163.04 and 163.041, then with Ohio Revised Code Section 163.05. Appellants assert that the District erroneously filed its appropriation petitions in the trial court and argue that since the District based its good faith offer to purchase their land upon an invalid appraisal that did not consider the "before and after" value of their respective properties, the District failed to offer (each Appellant) "just compensation" for their real estate.

**{¶20}** It is axiomatic that "where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to the rules of statutory interpretation." *Wadsworth v. Dambach,* 99 Ohio App. 269, 272, 133 N.E.2d 158 (6th Dist.1954). Appellants do not argue that the statute is ambiguous or convoluted, rather, they simply assert that the District's failure to conduct a "before and after" appraisal of their real estate is contrary to Ohio law, the Ohio Constitution, and the Fifth and Fourteenth Amendments to the U.S. Constitution.

**{¶21}** In support of this argument, Appellants direct us to the case law to support their interpretation that "before and after" appraisals are required in appropriation proceedings. Appellants rely upon *Hilliard v. First Industrial, L.P.,* wherein the Tenth District Court of Appeals held that in eminent domain proceedings, damage to the residue, which is the portion of property remaining after the other portion is taken, is measured by the difference between the pre and post-appropriation fair market value of the residue. *Hilliard v. First Indus., L.P.,* 158 Ohio App.3d 792, 2004-Ohio-5836, 822 N.E.2d 411, ¶ 5 (10th Dist.). However, our reading of *Hilliard* reveals that the matter of compensation therein was determined by a *jury*, not by the trial court. (Emphasis added.) *Id.* at ¶ 1. *See also, Wray v. Stvartak,* 121 Ohio App.3d 462, 475, 700 N.E.2d 347 (6th Dist.1997) (holding that "it is well settled that a qualified witness must give his opinion as to the value of the entire property before the taking and as to the value of the remainder of the property after the taking"). As such, Appellants' cited authority does not establish the requirement of a "before and after" appraisal *prior to* the filing a petition for appropriation.[6] Rather, we find these cases stand for the proposition that the matter of just compensation is a determination for the finder of fact. Thus, we find

---

[6] Appellants cite *Wray v. Wessell*, which specifically states as follows: "because the issue of just compensation is a question of law each step of analysis likewise is a question of law." *Wray v. Wessell,* 4th Dist. Scioto Nos. 15CA3724, 15 CA 3725, 2016-Ohio-8584, ¶ 52. However, when read in context the "question of law" for the trial court to decide involves determining whether damages are public or private, and which are to be introduced to a jury.

-16-

Appellants' case law authority unpersuasive to their "before and after" appraisal argument.

**{¶22}** Appellants further direct us to R.C. 163.14(A) & (B) to support that a "before and after" appraisal must be completed *prior* to filing an appropriation petition. R.C. 163.14(A) specifically states: "[i]n appropriation proceedings, the *jury* shall be sworn to impartially assess the compensation and damages, if any, without deductions for general benefits as to the property of the owner." (Emphasis added). R.C. 163.14(A). And, R.C. 163.14(B) provides instructions for a jury's determination relative to compensation. More importantly, R.C. 163.14 is silent as to the requirement that a "before and after" appraisal must be completed *prior to the filing of a petition.*

**{¶23}** Thus, since Appellants have failed to direct this Court to *any* authority requiring that a "before and after" appraisal must be completed prior to the filing of a petition for appropriation, we must analyze the plain language of R.C. 163.04 and R.C. 163.05 in regards to each petition as to whether or not the ruling of the trial court was correct.

*Buescher Petition*

**{¶24}** Under R.C. 163.04(A) an appropriation petition must provide notice to a landowner of the "agency's intent to acquire the property" at least thirty days prior to filing an appropriation petition under to R.C. 163.05. In the Buescher

-17-

Petition, it is undisputed that the District sent the Bueschers a Notice of Intent to Acquire the Property more than thirty days prior to the filing of its petition. (16 CV 116, Doc. No. 1, at 3, Ex. E). Next, R.C. 163.04(B) requires that after providing notice, but not less than thirty days before filing a petition, the agency seeking an appropriation must provide the owner a written good faith offer[7] to purchase the property. Our review of the record reveals that the District provided the Bueschers a written good faith offer of $146,234.00 to purchase their property more than thirty days prior to the filing of its petition. (*Id.,* Ex. D).

{¶25} Next, R.C. 163.04(C) requires the appropriating agency to obtain an appraisal of the property and provide a copy of it to the owner. The Buescher Petition recites that the District had the Bueschers' property appraised by Midwest Appraisal, Inc., and attached a copy of the appraisal (that it sent to the Bueschers). (*Id.,* Ex. C).

{¶26} Finally, R.C. 163.04(D) requires that an agency may appropriate real property only after the agency is unable to agree on a conveyance or the terms of a conveyance, for any reason, with any owner. The Buescher Petition contains the allegation that the District attempted to negotiate with the Bueschers in order to reach an agreement on the conveyance of the property, but were unable to reach an

---

[7] Under R.C. 163.01(J), a "good faith offer" "means the written offer that an agency that is appropriating property must make to the owner of the property pursuant to division (B) of section 163.04 of the Revised Code before commencing an appropriation proceeding." R.C. 163.01(J).

agreement (with the Bueschers) prior to the filing of the appropriation complaint. (*Id.* at 4).

{¶27} Thus, in our review of Revised Code Section 163.04(A) through (D), we find that the Buescher Petition comports to the requisite requirements of the statute.

{¶28} Moving to R.C. 163.05 and the Buescher Petition, the legislature promulgated (in R.C. 163.05) that an agency who has met the requirements of sections 163.04 and 163.041 may commence proceedings in a court by filing a petition for appropriation. R.C. 163.05 then sets forth the statutory requirements that a petition for appropriation must contain. First, R.C. 163.05(A) requires a description of each parcel of land or interest or right sought to be appropriated, which was contained in the Buescher Petition by virtue of the 19.004 acre legal description appended to the petition. (*Id.,* Ex. A, B).

{¶29} Next, R.C. 163.05(B)(1)[8] requires the petition for appropriation contain: a statement that the appropriation is necessary for a public use; and a copy of the resolution of the agency authorizing the appropriation. Our review of the Buescher Petition reveals that the District asserted that it was necessary to acquire the fee simple interest in land owned by Rosaline Buescher and her children, "in order to reduce flooding and regulate the flow of the Blanchard River." (*Id.*). The

---

[8] As the Buescher property is not a "blighted parcel," analysis of R.C. 163.05(B)(2) is unnecessary.

Buescher Petition also included the District's statement regarding the Resolution passed (by the District) declaring the necessity of the appropriation for a public purpose, together with a copy of the resolution. (*Id.* at 4, Ex. F).

**{¶30}** Next, R.C. 163.05(C) requires a statement of the purpose of the appropriation, which in our review, was set forth in the Buescher Petition as follows: "[t]he purpose of the appropriation is for the purpose of reducing flooding and regulating the flow of the Blanchard River so as to divert flood waters and for the construction of public recreational facilities." (*Id.* at 6).

**{¶31}** Next, R.C. 163.05(D) and (E) require a statement of the estate or interest sought to be appropriated and the names and addresses of the owners, so far as they can be ascertained. Our review of the Buescher Petition reveals that the District listed each ascertainable defendant's name, address, and applicable interest in the property sought to be appropriated by the District. (*Id.* at 4-6).

**{¶32}** Next, R.C. 163.05(F) requires a statement by the appropriating agency that contains an averment that the notice requirements set forth in R.C. 163.04 have been met. In our review of the Buescher Petition, on page seven, the District specifically avers that: "[t]he Plaintiff has complied with all applicable law, including but not limited to R.C. 163.04, * * *." (*Id.* at 7).

**{¶33}** And finally, R.C. 163.05(G) requires that the agency include a prayer for the appropriation in their petition. In the Buescher Petition, the District's prayer

for relief states as follows: "[w]herefore, Plaintiff prays: for the appropriation of the right(s), interest(s) and estate in the Property as set forth above."

**{¶34}** In sum, our review of the Buescher Petition reveals that the District complied with the statutory factors set forth in R.C. 163.04 and R.C. 163.05 in its petition.

*T & A Properties Petition*

**{¶35}** Next, we review the District's petition for appropriation of the property owned by T & A Properties (i.e. T & A Properties Petition) to determine if the statutory requirements of R.C. 163.04 and R.C. 163.05 were satisfied.

**{¶36}** As we noted herein before, R.C. 163.04(A) requires that the District must provide notice to the owner of the District's interest to acquire the property at least thirty days prior to filing a petition pursuant to R.C. 163.05. In regards to the T & A Properties Petition, it is undisputed that the District sent T & A Properties a Notice of Intent to Acquire the Property more than thirty days prior to the filing of the Petition. (16 CV 117, Doc. No. 1, at 3, Ex. D). Next, R.C. 163.04(B) requires that after providing notice (under section A of R.C. 163.04) but not less than thirty days before filing a petition, the District must provide the owner with a written good faith offer to purchase the property. Our review of the record reveals that the District provided T & A Properties a written good faith offer to purchase their property more

than thirty days prior to the filing of its petition with its offer of $120,943.08. (Id., Ex. D).

{¶37} R.C. 163.04(C) requires that the agency obtain an appraisal of the property and provide a copy of the appraisal to the owner. In the T & A Properties Petition, the District asserted that they had the property appraised and attached a copy of the appraisal to the petition that was previously sent to T & A Properties. (*Id.,* Ex. B). And, finally, R.C. 163.04(D) requires that an agency may appropriate real property only after the agency is unable to agree on a conveyance or the terms of a conveyance, for any reason, with any owner. The T & A Properties Petition sets forth that the District attempted to negotiate with T & A Properties in order to come to an agreement on the conveyance of the property but was unable to reach an agreement prior to the filing of the Petition. (*Id.* at 3-4).

{¶38} Thus, our review of the record reveals that the District's petition complied with the statutory requirements set forth in R.C. 163.04(A)-(D). Having found that the petition in question complied with R.C. 163.04, we now turn to whether such petition comported with the statutory requirements of R.C. 163.05

{¶39} R.C. 163.05(A) requires that a petition for appropriation must provide a description of each parcel of land or interest or right sought in the appropriation. As to the T & A Properties Petition, the District provided a legal description of the 16.115 acres at 1146 Fairview Dr. in Ottawa, Ohio subject to the appropriation, and

attached the Brockrath & Associates Engineering and Surveying, LLC's description of the land to be appropriated, including a description for the 16.115 acres of farmland sought. (*Id.* at 2, Ex. A).

**{¶40}** Next, R.C. 163.05(B)(1)[9] requires the petition for appropriation contain: a statement that the appropriation is necessary for a public use; and a copy of the resolution of the agency authorizing the appropriation. Our review of the T & A Properties Petition reveals that the District asserted it was necessary to acquire the fee simple interest in land owned by T & A Properties for public purposes, including "construction of a new diversion channel for the Blanchard River and regulation of the flow of the Blanchard River." (*Id.*). The District also attached a copy of the Resolution it passed declaring the necessity of the appropriation for a public purpose. (*Id.* at 4, Ex. E).

**{¶41}** Next, R.C. 163.05(C) requires a statement of the purpose of the appropriation. The T & A Properties Petition, in its relevant part, clearly states "[A]ppropriation of the Property is necessary for the following public purposes: (a) construction of a new diversion channel for the Blanchard River; (b) regulation of the flow of the Blanchard River; (c) maintenance of open space for the conservation of natural floodplain functions; (d) creation of recreational facilities, and related

---

[9] As T & A Properties' land is not a "blighted parcel," analysis of R.C. 163.05(B)(2) is unnecessary.

improvements; and (e) maintaining, operating, altering, replacing, and repairing the diversion channel and recreational facilities."  (*Id.* at 2-3).

**{¶42}** Next, R.C. 163.05(D) requires a statement of the estate or interest sought to be appropriated and R.C. 163.05(E) requires the names and addresses of the owners, so far as they can be ascertained.  In our review of the T & A Properties Petition we find that the District listed each ascertainable defendant's name, address, and the applicable interest in the property sought to be appropriated.  (*Id.* at 2, 4).

**{¶43}** Next, R.C. 163.05(F) requires a statement asserting that the notice requirements set forth in R.C. 163.04 have been met.  On page five of the T & A Properties Petition, the District specifically states that: "[t]he Plaintiff has complied with all applicable law, including but not limited to R.C. 163.04, * * *."  (*Id.* at 5).

**{¶44}** And finally, R.C. 163.05(G) requires that the agency include a prayer for the appropriation in their petition.  In the T & A Properties Petition, the District stated: "[w]herefore, the Maumee Watershed Conservancy District prays for judgment as follows: for the appropriation of the rights, interests, and estate in the property."  Thus, in our review of the T & A Properties Petition we find that the District complied with the enumerated statutory factors for filing a petition for appropriation as set forth in R.C. 163.04 and R.C. 163.05. Accordingly, we overrule the Appellants' first and second assignments of error.

*Appellants' Third Assignment of Error*

**{¶45}** In their third assignment of error, Appellants assert that the trial court erred by exercising jurisdiction after the Appellee failed to provide them with actual engineering plans prior to filing its petitions for appropriation. We disagree.

**{¶46}** R.C. 163.05, in its pertinent part, provides as follows:

> In the event of the appropriation of less than the fee of any parcel or of a fee in less than the whole of any parcel of property, the agency shall either make available to the owner or shall file in the office of the county engineer, a description of the nature of the improvement or use which requires the appropriation, including any specifications, elevations, and grade changes already determined at the time of the filing of the petition, in sufficient detail to permit a determination of the nature, extent, and effect of the taking and improvement. A set of highway construction plans shall be acceptable in providing such description for the purposes of the preceding sentence in the appropriation of land for highway purposes.

R.C. 163.05.

**{¶47}** However, this issue is not properly before this Court, because the absence of providing engineering plans argument was not raised in Appellants' Motion for Judgment on the Pleadings in the trial court. Even though Appellants attempted to raise this issue (of engineering plans) in their "Additional Support for Motion for Judgment on the Pleadings," such motion was filed tardy with the trial court on the day prior to the trial court issuing its Judgment Entry overruling Appellants' motion. (Doc. No. 40). "'It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are

deemed waived." *State v. Adams,* 10th Dist. Franklin No. 14AP-623, 2015-Ohio-868, ¶ 9 quoting *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13. Since this argument (i.e. engineering plans) was not considered by the trial court due to Appellants' ill-timed "Additional Support" memo, we will not consider it on appeal.

{¶48} However, even if we chose to consider this third assignment of error, we find Appellants' argument (regarding the lack of the District providing engineering plans prior to filing its petitions for appropriation) to be harmless error. "Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision." *Hallworth v. Republic Steel Corp.,* 153 Ohio St. 349, 91 N.E.2d 690 (1950), paragraph three of the syllabus. In this case, we find no prejudicial effect to the Appellants regarding the timing of the filing of the engineering plans, because the Appellants *were provided* with the plans during the course of their litigation at the trial court level. (*See* Br. Of Appellants, App. 5).

{¶49} Accordingly, we overrule Appellants' third assignment of error.

## *Conclusion*

**{¶50}** In sum, because the District met the statutory requirements for notice and for the filing its petitions for appropriations, Appellants' Motion for Judgment on the Pleadings was properly overruled by the trial court.

**{¶51}** Having found no error prejudicial to the Appellants herein in the particulars assigned and argued, we overrule Appellants' first, second and third assignments of error and affirm the judgments of the Putnam County Common Pleas Court.

***Judgments Affirmed***

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**