[Cite as *Marchbanks v. Algoma Group*, 2022-Ohio-1385.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JACK MARCHBANKS, Director of ODOT | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case Nos. 21 CAE 10 0053 and<br>21 CAE 10 0054 |
| THE ALGOMA GROUP, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case Nos. 21-CVH-04 0176 and 21-
CVH-04 0177


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      April 25, 2022


APPEARANCES:

For Plaintiff-Appellee                 For Defendants-Appellants

DAVID YOST                             AARON E. KENTER
ATTORNEY GENERAL OF OHIO               CLINTON P. STAHLER
CORINNA V. EFKEMAN                     GOLDMAN BRAUNSTEIN STAHLER
JUSTINE A. ALLEN                       KENTER LLP
ASSISTANT ATTORNEYS GENERAL            500 South Front Street
30 East Broad Street, 26th Floor       Suite 1200
Columbus, Ohio  43215                  Columbus, Ohio  43215

*Wise, John, J.*

{¶1} Defendants-Appellants The Algoma Group and John W. Holcomb ("Appellants") appeal from the October 18, 2021, Judgment Entry entered by the Delaware County Court of Common Pleas. Plaintiff-Appellee is Jack Marchbanks, Director of Ohio Department of Transportation. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 15, 2021, Appellee filed an appropriation action in the Delaware County Court of Common Pleas taking in fee simple and a temporary easement on parcels 62-WD and 64-WD, ("the properties") from Appellants. Appellee's complaint indicated that Appellee intends to take the property for the purposes of making, constructing, repairing or improving a public roadway open for use without charge.

{¶3} On June 25, 2021, Appellants filed answers challenging Appellee's failure to satisfy statutory pre-filing requirements, Appellee's assertion that the appropriation is for a public use, Appellee's assertion that the appropriation is necessary, and that the appropriation violates the prior public use.

{¶4} On July 16, 2021, Appellee moved to strike these defenses on the grounds that Ohio eminent domain law restricts the scope of an appropriation proceeding to determine the compensation for the takings.

{¶5} On September 23, 2021, the trial court granted Appellee's motion to strike.

{¶6} Appellants appeal from that motion.

**ASSIGNMENTS OF ERROR**

{¶7}   On October 18, 2021, Appellant filed a notice of appeal raising the following two Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED TO THE MATERIAL PREJUDICE OF ALGOMA AND HOLCOMB BY STRIKING THE SECOND AND THIRD SPECIFIC DENIALS OF ALGOMA'S AND HOLCOMB'S AMENDED ANSWER CHALLENGING THE APPROPRIATION AS NEITHER FOR A PUBLIC USE NOR NECESSARY WITHOUT CONDUCTING A HEARING AS TO THE SPECIFIC [SIC].

{¶9}   "II. THE TRIAL COURT ERRED TO THE MATERIAL PREJUDICE OF ALGOMA BY STRIKING THE FIRST SPECIFIC DENIAL OF ALGOMA'S AMENDED ANSWER CHALLENGING THE APPROPRIATION FOR FAILURE TO SATISFY PRE-FILING REQUIREMENTS WITHOUT CONDUCTING A HEARING AS TO THE SPECIFIC DENIAL".

**Final Appealable Order**

{¶10}   In the case *sub judice*, we must determine whether the judgment entry under review is a final appealable order.

{¶11}   Appellate courts have jurisdiction to review only final orders or judgments. *See*, Section 3(B)(2), Article IV, Ohio Constitution; R.C. §2505.02. If an order is not a final appealable order, then an appellate court has no jurisdiction to review the matter, and it must be dismissed. *See*, *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). R.C. §2505.02 states, in pertinent part, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial

when * * * [a]n order is an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."

{¶12} R.C. §163.03(B)(3) states:

An owner has a right to an immediate appeal if the order of the court is in favor of the agency in any of the matters the owner denied in the answer, unless the agency is appropriating property in time of war or other public exigency imperatively requiring its immediate seizure, for the purpose of making or repairing roads which shall be open to the public without charge * * *

{¶13} The State of Ohio Supreme Court held:

A trial court's order in favor of an appropriating agency, entered pursuant to R.C. 163.09(B), is not subject to immediate appellate review; rather, the property owner may seek appellate review only after a jury has assessed compensation and damages and the trial court enters an order, pursuant to R.C. 163.15, which disposes of the whole case.

*Cincinnati Gas & Elec. Co. v. Pope*, 54 Ohio St.2d 12, 374 N.E.2d 406, 407 (1978).

{¶14} In the case *sub judice*, it is undisputed that the issues of compensation and damages to Appellants remain outstanding. Therefore, pursuant to R.C. §2505.02, and R.C. §163.09(B) the order striking Appellants' answers is not a final appealable order.

{¶15} Based upon the foregoing, we find this Court lacks jurisdiction to address the assignments of error. Consequently, the appeal is dismissed.


By: Wise, John, J.

Wise, Earle, P. J., and

Baldwin, J., concur.


JWW/br 0422